UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WALEED ALI MOHAMED SALEH and
CLASSON DELI GOURMET CORP.,

                            Plaintiffs,                  COMPLAINT

       -against-                                          Case No.:

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

                            Defendants.
------------------------------------------------------------x

       The Plaintiffs, WALEED ALI MOHAMED SALEH and CLASSON DELI GOURMET CORP., by their attorney, JESS M. BERKOWITZ, ESQ., complaining of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in the above-entitled action, respectfully allege as follows:

       1. Jurisdiction over this cause of action is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. §2023) and Section 279.7 of the Regulations of the United States Department of Agriculture, and Food and Nutrition Service (7 CFR § 279.7).

       2. The Plaintiff, WALEED ALI MOHAMED SALEH resides in the County of Kings, City and State of New York and submits his Declaration of Plaintiff attached hereto and annexed as part hereof.

       3. The Plaintiff, CLASSON DELI GOURMET CORP., is a domestic business organized under laws of the State of New York, with its principal place of business located at No. 502 Prosect Place, Brooklyn, New York 11238, wherein it owns and operates a retail deli/grocery/convenience store.

1

4. The Plaintiff, WALEED ALI MOHAMED SALEH is the sole proprietor of CLASSON DELI GOURMET CORP., in which he has invested his life saving to purchase and renovate this store premises with the installation of new furnishings, fixtures and equipment necessary for the operation of a retail deli/grocery/convenience store.

5. After establishing this business, under the name of CLASSON DELI GOURMET CORP., on or about April 24, 2019 the Plaintiffs submitted an application to the United States Department of Agriculture, Food and Nutrition Service for authorization to participate as retail owners in the Food Stamp Program/Supplemental Nutrition Assistance Program (SNAP). The Plaintiff's application was approved by the Defendants in June, 2019. Prior to the incidents that gave rise to this proceeding, the Plaintiffs performance and record in the Food Stamp Program, Supplemental Nutrition Assistance Program (SNAP) has been exemplary and unblemished.

6. By letter of charges, dated September 7, 2023 the Defendants informed the Plaintiffs that they were charged with violating Section 278.2(a) of Supplemental Nutrition Assistance Program (SNAP) regulations as a result of accepting Supplemental Nutrition Assistance Program Benefits (SNAP) in exchange for merchandise, which, in addition to eligible foods, include "common non-food items" on four (4) separate occasions, copy of said letter is annexed hereto as Exhibit "A".

7. The Defendant's attached a Report of Positive Investigation with Investigative Transaction Reports to said letter indicating that on four (4) occasions during a period of ten (10) days, from July 14, 2023 thru July 23, 2023, ineligible items had been sold, and as a result, the Plaintiffs' business was being considered for disqualification from the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months, or the imposition of a Civil Money

Penalty, if applicable, in lieu of the disqualification, said Investigative Transaction Reports are annexed hereto as Exhibit "B".

8. In response to the Defendant's letter of charges, Plaintiffs, through their attorney submitted a reply on September 15, 2023, refuting the allegations of violations of the SNAP, requesting information pursuant to a FOIA demand contained therein, stating that the store would suffer economically if disqualified for six (6) months and requesting the offer of a Civil Money Penalty (CMP) in lieu of the six (6) month SNAP disqualification, copy of said letter is annexed hereto as Exhibit "C".

9. By letter dated October 18, 2023, Anthony Pesini, the Section Chief, Retailer Operations Division of the USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program (SNAP), issued a determination that the Plaintiffs should be disqualified from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months as result of the violations set forth in the letter of charges and Transaction Reports and refused to offer Plaintiffs a Hardship Civil Money Penalty in lieu of a six (6) month disqualification from the SNAP, copy of said letter is annexed hereto as Exhibit "D".

10. In response to the Defendant's determination, Plaintiffs, through counsel submitted a reply dated October 18, 2023, appealed the Retailer Operations Division's determination by requesting an Administrative Review of the Retailer Operations Division's determination to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months and requested that Defendants offer a Hardship Civil Money Penalty in lieu of the disqualification, copy of said letter is annexed hereto as Exhibit "E".

11. The Defendants have now rendered a Final Agency Decision to disqualify the

Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months as a result of alleged sales of ineligible items in exchange for Electronic Benefit Transfer Food Benefits as contained in a Final Agency Decision letter signed by , Administrative Review Officer, dated January 13, 2025 and delivered on January 15, 2025, wherein they refused to offer Plaintiff a Hardship Civil Money Penalty in lieu of a six (6) month period of disqualification, a copy of which is annexed to the Complaint in this action as Exhibit "F".

12. That subsequent to each letter or decision a response or request for review was timely taken by the Plaintiffs within the Defendants' administrative framework, and the result of these appeals or reviews was to ultimately sustain and uphold the Defendants' decision to disqualify the Plaintiffs from participating in the Supplemental Assistance Program (SNAP) for a period of six (6) months.

13. Such determination has been made without the Plaintiffs having been afforded the opportunity to confront and examine witnesses, review unredacted information in the Defendant's reports and the investigations and documents that form the basis of the charges lodged against said Plaintiffs so they may adequately defend themselves and be given due process.

14. This is a suit for judicial review of the determination and decision of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, to disqualify Plaintiffs from SNAP, in accordance with the provisions of Title 7 United States Code §2023 and CFR §279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service pertaining to the Supplemental Nutrition Assistance Program (SNAP).

15. The Plaintiffs have at all times and continue to deny the allegations contained in the letter of charges categorically denying each and every charge or violation set forth by the Defendants which constitute the grounds for the Plaintiffs disqualification as participants in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months as described in the letter of charges and Transaction Reports.

16. The Defendants' decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) is arbitrary and capricious and without merit for the following reasons:

(a) The failure of the Defendant's Investigators to obtain a positive identification during the four (4) instances wherein clerk(s) at this owner's store are alleged to have sold the ineligible items and where the Plaintiff denies that such a person as identified in the Transaction Reports annexed hereto as Exhibits "C", "D", "E" and "F", worked in the store on the dates and times in question.

(b) The fact that all of the so-called ineligible items allegedly sold were inexpensive items, based on and contained in the notations in the Investigative Transaction Report, annexed hereto as Exhibits "C", "D", "E" and "F".

(c) The redaction in the Investigative Reports and the failure to provide the time spent in the store on each investigative visit, namely the time of entry and departure, deprives the Plaintiffs of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough.

(d) The Plaintiffs have not been afforded an opportunity to confront and examine witnesses, particularly the Defendants' Investigators who investigated this business and charged Plaintiffs with the violations of the Supplemental Nutrition Assistance Program Regulations

(SNAP).

(e) The failure to provide timely notice of evidence of violations where the complained acts occurred approximately two (2) months prior to the letter of charges being delivered to Plaintiffs.

17. In addition, The Defendants have failed to consider the following factors and evidence in their decision:

(a) The Plaintiff's unblemished record as an owner participating in the Supplemental Nutrition Assistance Program (SNAP) since 2019.

(b) The sanction of disqualification from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months is excessive under the circumstances herein, if, in fact, the charges lodged against the Plaintiffs are sustained is excessive and punitive.

(c) That according to Defendant's own records during a period of ten (10) days, from July 14, 2023 thru July 23, 2023, and were of negligible value and negligible profit, after six (6) undercover visits to the store.

18. It is submitted that the redactions in the Transaction Reports and Defendant's failure to reveal the entry and departure time is designed to avoid the necessary disclosure of the period of the time the investigator spent in the store, and the true identification of the clerk since the store records would reveal who was working at the time each investigation was conducted.

19. Additionally, it is also submitted that the charge of selling common ineligible non-food items as alleged in the Investigation Transaction Reports are incredible and untrustworthy.

20. It is important to note that during none of the visits to the store did the FNS "Investigator" videotape or audio record his or her attempt to entrap the employees of this firm

6

into accepting Supplemental Nutrition Assistance Program (SNAP) Benefits in exchange for merchandise, which, in addition to eligible foods, include common non-food item or his or her failed attempt to engage in "trafficking" to wit, exchanging SNAP benefits for cash.

21. It is also important to note that it is admitted by the FNS that the Investigator failed in his or her attempt to induce the employee to accept SNAP benefits in exchange for merchandise, which in addition to eligible foods, included common ineligible non-food items, to wit, one (1) Box of tissues and one (1) Package of sponges and when the clerk removed the non-food items and told the Investigator he "had to pay for the non-food items separately" on July 14, 2023, as noted in Exhibit "A".

22. It is also important to note that the Defendants employed the same FNS Investigator to attempt to entrap the employees of this firm into accepting SNAP benefits in exchange for cash on July 23, 2023, as noted in Exhibit "D" of the Investigative Transaction Report, by attempting to get cash off the EBT card when he "asked the clerk asked if he did cash back off the EBT card and he shook his head no". No cash for EBT benefits were ever exchanged.

23. Where the nature and total cost of the alleged common ineligible non-food items purchased are as follows:

1. On July 14, 2023, one (1) Box of "Glad" Large Drawstring Trash Bags (15 Bags-30 Gallon), @ $ 6.99 and one (1) Box of "Arm & Hammer" clean scenisations Fabric softener sheets, (40 sheets), @ $ 2.89, as noted in Exhibit "C".

2. On July 20, 2023, one (1) Box of "Goodsense" Lawn & Leaf Bags with Flap Ties (39 Gallon10 Bags), @ $ 3.99 and one (1) Package of "Krasdale" multi-purpose sponge(1 extra large sponge) @ $ 2.99, as noted in Exhibit "D".

3. On July 21, 2023, one (1) Package of "Brillo" Heavy Duty Scrub Sponges (3 pack), @ $ 3.99 and one (1) Bottle of "Ajax" Ultra Dish Liquid (12.4 Fl oz), @ $ 2.49, as noted in Exhibit "E".

4. On July 23, 2023, one (1) Bottle of "Tide" free & gentle Detergent (17 loads-25 fl oz liq), @ $ 6.99, as noted in Exhibit "F".

24. That where there the prices indicated as to the items allegedly purchased, according to the Investigative Transaction Reports, are less than $ 30.50 and there is no allegation that benefits were trafficked, no cash received, and particularly compared to the failed attempt by the FNS Investigator in his or her attempts to induce the employee accept SNAP benefits in exchange for cash on July 23, 2023, as noted in Exhibit "D" all evidence that the penalty imposed on this owner is unduly harsh and excessive and the actions of the agency are coercive and unconscionable

It should be further noted that any surveillance cameras in this store are self-erasing and the images taken from July 14, 2023 thru July 23, 2023 are no longer available for viewing.

25. It is important to note that it is admitted by the FNS that the Investigator failed in his or her attempt to induce the employee to accept SNAP benefits in exchange for merchandise, which in addition to eligible foods, included common ineligible non-food items. to wit, one (1) Box of tissues and one (1) Package of sponges benefits when the clerk removed the non-food items and said that the Investigator could not pay for the non-food items with EBT on July 14, 2023, as noted in Exhibit "A".

26. Furthermore, it is inconceivable and unreasonable to believe that this owner would jeopardize a solvent and successful business and the source of his livelihood for the meager sum earned by the sale of these ineligible items.

27. It is further alleged that the Defendants targeting this particular store and firm with no history of SNAP violations and attempting to entrap these particular employees working as cashiers and/or clerks with limited knowledge of English, who had initially refused to engage in requested violations is patently unethical and prejudicial.

28. That to disqualify this owner for a six (6) month period, merely due to alleged "carelessness and poor supervision", even if it did occur as alleged, will result in irreparable injury and damage to the Plaintiffs if this disqualification is imposed.

29. The Defendants' decision to disqualify the Plaintiffs from the Supplemental Nutrition Assistance Program (SNAP) is arbitrary and capricious and is in violation of the Defendants' own Regulations.

29. The Plaintiffs have exhausted all administrative remedies herein.

WHEREFORE, the Plaintiffs' respectfully requests this Court to review and set aside the decision and determination of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE to disqualify Plaintiffs from the Supplemental Nutrition Assistance Program SNAP) for six (6) months and for such other and further relief as to this Court may be just and proper.

Dated: New York, New York
       January 15, 2025

JESS M. BERKOWITZ (JMB3316)
Attorney for Plaintiffs
Office & P.O. Address
401 Broadway, Room 2306
New York, New York 10013
(917) 733-7701